**Tomas PELICO–HERNANDEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–71080.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 16, 2012.

Erika Vejar, Esquire, Law Offices of Erika Vejar, San Dimas, CA, for Petitioner.

Oil, Ada Elsie Bosque, Trial, Matthew Allan Spurlock, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

754

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Tomas Pelico–Hernandez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo the agency's legal determinations. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

The record does not compel the conclusion that Pelico–Hernandez established extraordinary circumstances to excuse his untimely application for asylum. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, we deny the petition as to Pelico–Hernandez's asylum claim.

Substantial evidence supports the BIA's finding that Pelico–Hernandez failed to establish the guerillas' actions in Guatemala were motivated by either his actual or imputed political opinion, or by his indigenous ethnicity. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). With respect to his fear of future harm, the BIA found that Pelico–Hernandez failed to es-

tablish criminal gangs would persecute him on account of a protected ground. Pelico–Hernandez does not challenge this finding. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived). Accordingly, Pelico–Hernandez's withholding claim fails.

Finally, substantial evidence supports the BIA's denial of CAT protection because Pelico–Hernandez failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiesce of a public official in Guatemala. *See Soriano v. Holder,* 569 F.3d 1162, 1167 (9th Cir.2009).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.